United States District Court
Southern District of Texas
**ENTERED**
October 07, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK C. HENDON II, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-25-3114 |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Mark C. Hendon II ("Plaintiff") brought this action against State Farm Lloyds ("Defendant") in County Court at Law #6 of Montgomery County, Texas, alleging a breach of contract claim and violations of Chapters 541 and 542 of the Texas Insurance Code.[1] Pending before the court is Defendant State Farm Lloyds' Motion for Partial Summary Judgment ("Defendant's Partial MSJ") (Docket Entry No. 20). For the reasons stated below, Defendant's Partial MSJ will be granted.

## I. Background

On July 8, 2024, hurricane Beryl struck the Shenandoah, Texas area.[2] During the storm, two trees fell onto Plaintiff's house, which resulted in flooding and the destruction of the gas lines going

[1]Plaintiff's Original Petition, Exhibit B-1 to Defendant State Farm Lloyds' Notice of Removal, Docket Entry No. 1-2, pp. 2, 4–6 ¶¶ 15–27. All page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Id. at 3 ¶ 8.

into the house.[3] At the time the damage occurred, Plaintiff's property was insured under a State Farm Homeowners Policy for approximately $377,000.[4] On July 13, 2024, Plaintiff reported his claim to Defendant.[5] Defendant's adjuster inspected the property on July 31, 2024, with Plaintiff and his public adjuster present.[6] Upon the completion of the inspection, Defendant requested additional information from the public adjuster to complete its estimate.[7] Defendant received the information on August 17, 2024.[8]

Defendant estimated storm damages to the property in the amount of $204,858.93.[9] On August 26, 2024, Defendant sent a letter to Plaintiff enclosing its estimate and payment of $166,323.93 after deducting depreciation and the policy's deductible.[10] Thereafter, Plaintiff's public adjuster submitted an estimate to Defendant for $414,718.20.[11] Defendant reviewed the estimate and

---

[3]Plaintiff's Response to Defendant State Farm Lloyds' Motion for Partial Summary Judgment ("Plaintiff's Response"), Docket Entry No. 22, p. 6 ¶ 4.

[4]Defendant's Partial MSJ, Docket Entry No. 20, pp. 2–3 ¶ 6.

[5]Id.

[6]Id. at 3 ¶ 7.

[7]Id.

[8]Id.

[9]Id.

[10]Id.

[11]Id. ¶ 8.

determined that an additional inspection was necessary.[12] However, the public adjuster never responded to Defendant's request for a second inspection.[13]

Defendant completed an additional inspection of Plaintiff's property on April 21, 2025.[14] Plaintiff, his public adjuster, and his contractor were present.[15] After the additional inspection, Defendant revised its estimate to $307,780.00.[16] On January 28, 2026, Defendant sent a letter to Plaintiff enclosing its estimate and payment of $96,945.20, along with an interest payment in the amount of $18,545.08.[17]

On May 23, 2025, Plaintiff brought this action against Defendant in County Court at Law #6 of Montgomery County, Texas, alleging a breach of contract claim and violations of Chapters 541 and 542 of the Texas Insurance Code.[18] More specifically, Plaintiff alleges that the adjuster assigned to his claim "conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages . . . and undervalued the damages observed during the

---

[12] Id.

[13] Id.

[14] Id. at 3–4 ¶ 10.

[15] Id.

[16] Id.

[17] Id.

[18] Plaintiff's Original Petition, Exhibit B-1 to Defendant State Farm Lloyds' Notice of Removal, Docket Entry No. 1-2, pp. 2, 4–6 ¶¶ 15–27.

inspection" which led to the underpayment of Plaintiff's claim.[19] Defendant removed the action to this court on July 3, 2025.[20]

On September 4, 2026, Defendant filed its Partial Motion for Summary Judgment, arguing that Plaintiff's claim against it for violations of Texas Insurance Code Chapter 541 should be dismissed as a matter of law.[21] Plaintiff filed a response on September 25, 2026.[22] On October 2, 2026, Defendant filed its reply in support of its Partial Motion for Summary Judgment.[23]

## II. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact is or is not genuinely disputed must support the assertion by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). Summary judgment is proper "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986). "[T]he burden on the moving party may be discharged by 'showing'— that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."

---

[19]Id. at 3 ¶¶ 10–11.

[20]Defendant State Farm Lloyds' Notice of Removal, Docket Entry No. 1.

[21]Defendant's Partial MSJ, Docket Entry No. 20, p. 9 ¶ 27.

[22]Plaintiff's Response, Docket Entry No. 22.

[23]Defendant State Farm Lloyds' Objections to Summary Judgment Evidence and Reply in Support of its Motion for Partial Summary Judgment ("Defendant's Reply"), Docket Entry No. 23.

Id. at 2554. "The burden shifts to the non-moving party to show, with competent evidence, the existence of a genuine dispute of material fact." Miller v. Michaels Stores, Inc., 98 F.4th 211, 216 (5th Cir. 2024). "'The burden on the nonmoving party is not a heavy one; the nonmoving party simply is required to show specific facts, as opposed to general allegations, that present a genuine issue worthy of trial.'" Swope v. Columbian Chemicals Co., 281 F.3d 185, 197 (5th Cir. 2002) (quoting 10A Wright, Miller & Kane, Federal Practice and Procedure § 2727, at 490 (3d ed. 1998)).[24] But "'[a] mere scintilla of evidence is insufficient to present a question for the jury.'" Rex Real Estate I, L.P. v. Rex Real Estate Exchange, Inc., 80 F.4th 607, 616 (5th Cir. 2023).

The court "must view all facts and draw all reasonable inferences in [the nonmovant's] favor." Crawford v. Metropolitan Government of Nashville and Davidson County, Tennessee, 129 S. Ct. 846, 851 n.2 (2009). The court "may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products, Inc., 120 S. Ct. 2097, 2110 (2000).

"[E]vidence may be considered on summary judgment provided '[its] contents can be presented in admissible form at trial[.]'" Ford v. Anderson County, Texas, 102 F.4th 292, 325 (5th Cir. 2024) (per curiam) (quoting Patel v. Texas Tech University, 941 F.3d 743, 746 (5th Cir. 2019)); see also Fed. R. Civ. P. 56(c)(2).

---

[24] See also 10A Wright, Miller, & Kane, Federal Practice & Procedure § 2727.2, at 501 (4th ed. 2016).

## III. Analysis

Defendant argues that the court should (1) strike Plaintiff's Exhibits G, I, and L as inadmissible hearsay and (2) dismiss Plaintiff's claim against it for violations of Texas Insurance Code Chapter 541 as a matter of law.[25]

### A. Plaintiff's exhibits are not admissible.

Defendant asserts that Exhibits G, I, and L are inadmissible hearsay.[26] Although these documents would likely fall within the business records exception to hearsay, Plaintiff has failed to lay the proper foundation because he has not submitted an affidavit, deposition, interrogatory, or other discovery that establishes the documents fall under the business records exception. See Canatxx Gas Storage Ltd. v. Silverhawk Capital Partners, LLC, Civil Action No. H-06-1330, 2008 WL 1999234, at *11 (S.D. Tex. May 8, 2008) ("A party seeking to introduce an email made by an employee about a business matter under the hearsay exception under Rule 803(6) must show that the employer imposed a business duty to make and maintain such a record."). Accordingly, Exhibits G, I, and L will not be considered.

### B. Defendant is entitled to summary judgment on Plaintiff's claim against it for violations of Texas Insurance Code Chapter 541.

Defendant argues that it is entitled to summary judgment on Plaintiff's claim against it for violations of Texas Insurance Code Chapter 541 because Plaintiff merely alleges a bona fide coverage dispute.[27] Plaintiff argues that Defendant violated §§ 541.060(a)(2)(A) and (a)(7) by

---

[25]Defendant's Reply, Docket Entry No. 23, p. 2 ¶¶ 3–4; Defendant's Partial MSJ, Docket Entry No. 20, p. 9 ¶ 27.

[26]Defendant's Reply, Docket Entry No. 23, p. 2 ¶¶ 3–4.

[27]Defendant's Partial MSJ, Docket Entry No. 20, pp. 5–8 ¶¶ 17–26.

deliberately minimizing the damage hurricane Beryl caused to Plaintiff's property and by refusing to reconsider its coverage decision when it was faced with extensive evidence of storm damage.[28] Plaintiff also argues that Defendant violated §§ 541.060(a)(3) and (a)(4) by failing to provide an explanation for its denial and by failing to extend coverage within a reasonable time.[29]

"The elements of a claim under Chapter 541 of the Texas Insurance Code are that: '(1) a misrepresentation was made, issued, or circulated (2) with regard to either (i) the policy's terms, or (ii) its benefits or advantages.'" Murray v. Allstate Vehicle & Property Insurance Company, Civil Action No. 24-1173, 2025 WL 1095098, at *4 (S.D. Tex. Apr. 11, 2025) (quoting Miller v. Allstate Texas Lloyd's, No. CV-H-17-1684, 2017 WL 3335997, at *4 (S.D. Tex. Aug. 4, 2017)).

1. Plaintiff's claims under §§ 541.060(a)(2)(A) and (a)(7)

Plaintiff's claims under §§ 541.060(a)(2)(A) and (a)(7) "require the same showing as [a] good-faith-and-fair dealing claim: that [Defendant] lacked a reasonable basis of its coverage decision." Stasek v. State Farm Lloyds, No. 4:22-CV-03833, 2025 WL 963079, at *6 (S.D. Tex. Mar. 28, 2025); see also Erazo v. State Farm Lloyds, Civil Action No. 4:23-cv-1965, 2024 WL 2805328, at *4 (S.D. Tex. May 3, 2024), report and recommendation adopted, 2024 WL 2806177 (S.D. Tex. May 31, 2024) ("A plaintiff may sue for breach of the duty of good faith and fair dealing if their insurer denies or delays their claim without any reasonable basis for the denial or delay in the processing of claims."). "The elements of a bad faith claim are that: (1) the insurer had no reasonable basis for the denial or delay in payment of a claim; and (2) the insurer knew or should have known that fact." Murray, 2025 WL 1095098, at *4 (internal quotations omitted). "[C]ourts have consistently held that a bona fide coverage dispute is not evidence of an insurer's

---

[28] Plaintiff's Response, Docket Entry No. 22, pp. 13–15 ¶¶ 23–30.

[29] Id. at 16–17 ¶¶ 31–34.

unreasonableness." Erazo, 2024 WL 2805328, at *4. "That said, an insurer cannot escape liability by failing to investigate a claim so that it can contend that liability was never reasonably clear; it breaches the duty of good faith and fair dealing by failing to reasonably investigate a claim." Guerrero v. State Farm Lloyds, CIVIL ACTION NO. 1:24-CV-00032-MAC-CLS, 2025 WL 760039, at *5 (E.D. Tex. Feb. 19, 2025), report and recommendation adopted, 2025 WL 756003 (Mar. 7, 2025). "The reasonableness of an insurer's actions must be judged by the facts before the insurer at the time the claim was denied." Hansen v. State Farm Lloyds, Civil Action No. 4:22-CV-03833, 2025 WL 963079, at *5 (S.D. Tex. Mar. 28, 2025) (internal quotations omitted).

Defendant's coverage decision was based on its two inspections of Plaintiff's property, reconciliation of competing estimates, and the revision of its original estimate.[30] This provides a reasonable basis for Defendant's conclusion as to the covered loss amount. "The burden [therefore] shifts to [Plaintiff] to present evidence showing a genuine dispute about whether [Defendant] lacked a reasonable basis for its decision or conducted an unreasonable, outcome-driven investigation." Hansen, 2025 WL 963079, at *5. Although Plaintiff alleges that Defendant did not conduct a reasonable investigation, he does not point the court to any evidence from which a reasonable juror could infer that Defendant failed to conduct a reasonable inspection of the property. Instead, a majority of Plaintiff's Response is dedicated to arguing that Defendant should have made a different

[30] Defendant sent its adjuster to inspect Plaintiff's property on July 31, 2024. Based on that inspection, Defendant paid Plaintiff $166,323.93. Thereafter, Plaintiff provided Defendant with an estimate from his contractor alleging that Defendant's payment was not sufficient to make all covered repairs. Defendant then determined that an additional inspection was necessary, and conducted a second inspection on April 21, 2025. After the additional inspection, Defendant revised its estimate to $307,780.00. The difference between Defendant's initial estimate and its revised estimate, $96,945.20, along with an interest payment of $18,545.08, was sent to Plaintiff on January 28, 2026.

claims decision.[31] That is not sufficient to support a bad faith claim. Erazo, 2024 WL 2805328, at *4. Moreover, Plaintiff's conclusory statements about the qualifications of Defendant's adjustor is not competent summary judgment evidence.[32] Patton v. Meridian Security Insurance Co., 617 F.Supp.3d 516, 530 (N.D. Tex. 2022) (finding that the plaintiff's statements made in a declaration that the adjuster was predetermined to deny the claim and did not want to spend time investigation the claim were conclusory and not competent summary judgment evidence). The court therefore concludes that summary judgment is appropriate on Plaintiff's claims under §§ 541.060(a)(2)(A) and (a)(7).

2. Plaintiff's claims under §§ 541.060(a)(3) and (a)(4)

Sections 541.060(a)(3) and (a)(4) "focus on the adequacy and timeliness of communications, not the reasonableness of coverage decisions." Murray, 2025 WL 1095098, at *4 (internal quotations omitted). "Under 541.060(a)(3), an insurer is liable for failing to promptly provide a policyholder a reasonable explanation of the basis in the policy . . . for the insurer's denial of a claim." Id. (internal quotations omitted). "Section 541.060(a)(4), meanwhile imposes liability for failing within a reasonable time to . . . affirm or deny coverage of a claim to a policy holder." Id. (internal quotations omitted).

As to Plaintiff's claim under § 541.060(a)(3), the summary judgment evidence establishes that Defendant provided Plaintiff with two letters that detailed its estimates and outlined the basis

[31] See, e.g., Plaintiff's Response, Docket Entry No. 22, p. 14 ¶ 26 ("[Defendant] continued to grossly underpay the amount [Plaintiff] needed to restore his home to its pre-loss condition.").

[32] Plaintiff states that Defendant's adjuster was "inexperienced and unqualified." Id. at 13 ¶ 24.

for the actual cash basis.[33] Both of the letters provided to Plaintiff are over fifty pages long. Plaintiff offers no evidence that Defendant's explanations were unclear or unreasonable. Although Plaintiff argues that Defendant failed to provide a reasonable explanation for why it did not pay the full amount of mitigation and why it refused to cover his some of his lost personal property, "[n]o authority indicates that the insurer's explanation must exhaustively cover every possible detail or aspect of the claim." Hansen, 2025 WL 963079, at *7 (internal quotations omitted).

Plaintiff's § 541.060(a)(4) claim also fails. Plaintiff filed his claim with Defendant on July 13, 2024.[34] Three days later, the parties scheduled an inspection of Plaintiff's property on July 24, 2024.[35] Plaintiff, however, requested that the inspection date be changed to July 31, 2024, which Defendant agreed to.[36] After completing the initial inspection on July 31, 2024, Defendant continued its investigation and engaged in multiple follow up conversations with Plaintiff.[37] On August 26, 2024, less than a month after the initial inspection, Defendant paid Plaintiff $166,323.93.[38] After Plaintiff was paid, a public adjuster hired by Plaintiff submitted an estimate for $414,718.20 to Defendant.[39] Defendant reviewed the estimate and determined that an additional inspection was

---

[33]Exhibit B-2 to Defendant's Partial MSJ, Docket Entry No. 20-4; Exhibit B-6 to Defendant's Partial MSJ, Docket Entry No. 20-8.

[34]Defendant's Partial MSJ, Docket Entry No. 20, pp. 2–3 ¶ 6.

[35]Defendant's Reply, Docket Entry No. 23, p. 3 ¶ 5.

[36]Id.

[37]Id.

[38]Id.

[39]Id. ¶ 6.

necessary.[40] However, the public adjuster never responded.[41] Defendant eventually conducted a second inspection on April 21, 2025.[42] After the additional inspection, Defendant revised its estimate to $307,780.00 and paid Plaintiff on January 28, 2026.[43] Courts have found similar response times reasonable as a matter of law. See Lee v. Catlin Speciality Insurance Co., 766 F.Supp.2d 812, 825 (S.D. Tex. 2011) (finding that a six month delay between claim notification and completion of the investigation was reasonable). Moreover, "a review of the record reflects that [Defendant] did not deny coverage of the claim, nor do[es] Plaintiff[] make any argument that their claim was wholly denied." Olschwanger v. State Farm Lloyds, CIVIL ACTION NO. 4:19-CV-00933-SDJ-CAN, 2021 WL 3877689, at *9 (E.D. Tex. Jul. 30, 2021), report and recommendation adopted, 2021 WL 3858061 (E.D. Tex. Aug. 30, 2021); see also Carswell v. State Farm Lloyds, No. 4:17-CV-149-A, 2017 WL 6054939, at *2 (N.D. Tex. Dec. 6, 2017) (granting summary judgment on § 541.060(a)(4) where "[t]he summary judgment evidence establishes that defendant acknowledged coverage on the date the claim was report" and plaintiff did "not contest this ground of the motion").

The court therefore concludes that summary judgment is appropriate on Plaintiff's claims under §§ 541.060(a)(3) and (a)(4).

---

[40] Id.

[41] Id.

[42] Defendant's Partial MSJ, Docket Entry No. 20, p. 3 ¶ 10.

[43] Id.

## IV. Conclusion and Order

For the reasons explained above, Defendant State Farm Lloyds' Motion for Partial Summary Judgment (Docket Entry No. 20) is **GRANTED**, and Plaintiff's claim against Defendant for violations of Texas Insurance Code Chapter 541 is **DISMISSED WITH PREJUDICE**.

**SIGNED** at Houston, Texas, on this 7th day of October, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE